## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| Cody Goode,<br><br>                                  Plaintiff,<br><br>v.<br><br>BNSF Railway, Inc.,<br><br>                                  Defendant. | Case No. 4:18-cv-319<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

### INTRODUCTION

1.      In 2006, Plaintiff Cody Goode went to work for Defendant BNSF Railway, Inc., as a conductor.  In 2009 Goode was furloughed.  In 2010, Goode was brought back but then denied employment because he had a pacemaker and defibulator and was told he did not qualify to work as a conductor.  The problem for the BNSF: Goode had the pacemaker and defibulator from 2006-2009 and BNSF was aware of same.  Goode's doctor has released him to work without any restriction; however, pursuant to its pattern and practice of violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), BNSF refused to return Goode to his position.

### PARTIES

2.      Cody Goode resides in Burkburnett, Texas.

3.      BNSF Railway, Inc., is a railroad carrier that is engaged in interstate and foreign commerce, is headquartered in Fort Worth, Texas and may be served by serving its registered agent CT Corporation System at 1999 Bryan St., St. 900, Dallas, Texas 75201.

### JURISDICTION AND VENUE

4.      This Court has original jurisdiction over Goode's ADA claims under 28 U.S.C. § 1331.

5.      Venue is proper under 28 U.S.C. § 1391 because Goode resides in the Northern District of Texas, BNSF operates in the Northern District of Texas, and the illegal conduct occurred in the Northern District of Texas.

## FRXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  Goode timely filed a charge of discrimination with the EEOC.

7.      The EEOC has issued a Notice of Right to Sue Letter to Goode on February 6, 2018, which is attached as Exhibit A.

8.      Plaintiff files this Complaint within ninety (90) days after receipt of the Notice of Right to Sue Letter from the EEOC.

## FACTUAL ALLEGATIONS

9.      Goode works for BNSF.

10.     In 2006 Goode was hired as a conductor at the time of his hiring and at all times during his employment BNSF was aware that Good had a pacemaker and defibulator.  January of 2017, Goode fainted while at home.

11.     The cause of Goode fainting remains unknown, and Goode's doctor does not believe he is at risk to faint again.

12.     While trying to determine why Goode fainted, Goode's doctor diagnosed Goode with narcolepsy.

13.     Goode's narcolepsy prevents him from holding a commercial driver's license; however, it does not prevent him from performing any of his job's essential functions.

14.     Nevertheless, BNSF has refused to return Goode to work.

15.     BNSF's refusal to return Goode to work is part of its pattern and practice of discriminating against employees on the basis of their disabilities.

## CAUSES OF ACTION

### VIOLATIONS OF 42 U.S.C. § 12101, *et seq.*

16.     BNSF was Goode's "employer" within the meaning of the ADA.

17.     Goode is disabled within the meaning of the ADA.

18.     Goode is a qualified individual within the meaning of the ADA.

19.     Section 12112(a) of the ADA prohibits employers from  "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

20.     Section 12112(b)(5)(A) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ."

21.     BNSF discriminated against Goode on the basis of disability when it refused to return him to work.

22.     Because BNSF violated 42 U.S.C. § 12112, Goode suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Goode is also entitled to attorneys' fees and costs incurred in connection with these claims.

23.     BNSF committed the above-alleged facts with reckless disregard or deliberate disregard for Goode's rights and safety. As a result, Goode is entitled to punitive damages.

### REQUEST FOR RELIEF

24.     Goode requests that the Court find BNSF acted in direct violation of the ADA.

25.     Goode further requests that the Court order BNSF to:

- pay to him an award for compensatory damages arising from loss of income and benefits in an amount to be determined by the trier of fact;

- pay to him an award for garden-variety emotional distress in an amount in excess of $75,000.00;

- pay to him an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and

- pay to him an award for $300,000 for punitive damages for each violation of the ADA.

26.    Goode further requests that the Court order judgment against BNSF for all other relief available under the ADA and such other relief as the Court deems just and equitable.

Dated: April 27, 2018

Respectfully submitted,

LAW OFFICE OF MATTHEW BOBO, PLLC.

/s/ Matthew W. Bobo
**Matthew W. Bobo**
State Bar No. 24006860

4916 Camp Bowie Blvd.
Fort Worth, Texas 76107
Telephone: (817) 529-0774
Facsimile: (817) 698-9401
mbobo@mwblawyer.com

**ATTORNEYS FOR PLAINTIFF**